UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| INDEMNITY INSURANCE COMPANY OF NORTH AMERICA, as subrogee of GE MEDICAL SYSTEMS TRADE AND DEVELOPMENT (SHANGHAI) CO., LTD.,<br><br>Plaintiff(s),<br><br>HUATAI PROPERTY AND CASUALTY INSURANCE COMPANY, LTD., as subrogee of GE MEDICAL SYSTEMS TRADE AND DEVELOPMENT (SHANGHAI) CO., LTD.<br><br>Consolidated Plaintiff(s),<br><br>v.<br><br>EXPEDITORS INTERNATIONAL OF WASHINGTON, INC.,<br><br>Defendant(s). | CASE NO. C23-0507-KKE<br><br>ORDER DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT AND DENYING PLAINTIFFS' MOTION TO EXCLUDE |

GE Medical Systems Trade and Development (Shanghai) Co., Ltd. ("GE") engaged Defendant Expeditors International of Washington, Inc. ("Expeditors") to transport medical imaging systems via air from Chicago to Pudong, China. Consolidated Plaintiffs issued cargo

ORDER DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT AND DENYING PLAINTIFFS' MOTION TO EXCLUDE - 1

insurance policies to GE to cover loss or damage to the cargo shipments. At some point after the cargo arrived in Pudong, it was discovered to be damaged, and the Consolidated Plaintiffs made payments to GE to compensate for its losses consistent with the cargo insurance policies. Consolidated Plaintiffs then filed lawsuits against Expeditors to recover all damages incurred as the result of the cargo damage, and those actions were consolidated.

Expeditors denies that it is liable for the cargo damage and filed a motion for summary judgment. Dkt. No. 40. Consolidated Plaintiffs oppose that motion, and also filed a motion to exclude Expeditors' expert. Dkt. Nos. 43, 46.

For the following reasons, the Court finds that Consolidated Plaintiffs have put forward sufficient evidence to establish triable issues of fact and the Court will deny Expeditors' motion for summary judgment. The Court will also deny Consolidated Plaintiffs' motion to exclude, without prejudice to their ability to challenge expert testimony at trial.

## I.     BACKGROUND

As referenced above, GE contracted with Expeditors to facilitate the delivery of three shipments of medical imaging systems from Chicago to Pudong, China. *See* Dkt. No. 41-1. GE packaged the three shipments, with all components crated and enclosed before GE tendered them to Expeditors for transport. Dkt. No. 41 ¶ 4. Expeditors did not crate, touch, or see the cargo. *Id*. Expeditors issued house air waybills[1] to GE to document the transportations. *Id*. Expeditors booked transit of the shipments with air carriers that would be responsible for physically transporting the cargo, and those airlines issued master air waybills to Expeditors to document the

---

[1] A waybill is "[a] document acknowledging the receipt of goods by a carrier or by the shipper's agent and the contract for the transportation of those goods." BLACK'S LAW DICTIONARY (12th ed. 2024). An air waybill is a "waybill for transportation of cargo by air." *Id.*

ORDER DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT AND DENYING PLAINTIFFS' MOTION TO EXCLUDE - 2

transports.  Dkt. No. 41-2.  Neither the house air waybills nor the master air waybills noted any cargo damage.  Dkt. Nos. 41-1, 41-2.

The shipments arrived at the Pudong airport and were then transported to and unpacked at a different facility, where the cargo was surveyed for damage.  Dkt. No. 42 ¶ 3.  When the cargo was surveyed, it was found to be damaged.  Dkt. No. 47-1.  The airlines and Expeditors disclaimed responsibility for the damage.  *See generally* Dkt. No. 48-1 at 242–48.  The Consolidated Plaintiffs filed two suits against Expeditors, and the two actions were consolidated in June 2025.  Dkt. Nos. 1, 37.

Expeditors filed a motion for summary judgment, arguing that Consolidated Plaintiffs fail to establish a *prima facie* case of cargo liability under the Montreal Convention and their claims must therefore be dismissed.  Dkt. No. 40.  Consolidated Plaintiffs oppose the motion, contending that there are disputed issues of material fact as to when the cargo was damaged, and that they have presented sufficient evidence that the shipments were damaged during transit, which would support their claims against Expeditors.  Dkt. No. 46 at 16.

Consolidated Plaintiffs also filed a motion to exclude Expeditors' expert, David Stopak, who opined that the cargo was inadequately packaged before it was tendered to Expeditors.  *See, e.g.*, Dkt. No. 44-1 at 4, 18.  Consolidated Plaintiffs argue that Stopak's testimony should be excluded under Federal Rule of Evidence 702 as unreliable and/or speculative.  Dkt. No. 43.

Both motions are now ripe for resolution.

## II.   ANALYSIS

**A.   Expeditors' Summary Judgment Motion Is Denied.**

*1.   Legal Standards*

Under Federal Rule of Civil Procedure 56(a), summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to

judgment as a matter of law." A principal purpose of summary judgment "is to isolate and dispose of factually unsupported claims[,]" so that "factually insufficient claims or defenses [can] be isolated and prevented from going to trial with the attendant unwarranted consumption of public and private resources." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323–24, 327 (1986).  In resolving a motion for summary judgment, the court considers "the threshold inquiry of determining whether there is the need for a trial—whether, in other words, there are any genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986).  "[T]here is no issue for trial unless there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party." *Id*. at 249.

    2.    *Consolidated Plaintiffs Have Met Their Burden to Show Triable Questions of Fact.*

The Montreal Convention governs international air carriage of passengers, baggage, and cargo.  *See* Convention for the Unification of Certain Rules for International Carriage by Air, May 28, 1999, S. Treaty Doc. No. 106–45 (2000) ("Montreal Convention").

> The law is clear that, to establish a case for cargo damage under Article 18 [of the Montreal Convention], a plaintiff must prove that "the goods were delivered to the carrier in good condition, were delivered to the consignee at destination in damaged condition, and resulted in a specified amount of damage."

*Paramount Exp. Co. v. British Airways PLC*, No. CV 14-07859-JEM, 2016 WL 7655805, at *12 (C.D. Cal. June 16, 2016) (quoting *UPS Supply Chain Sols., Inc. v. Am. Airlines, Inc.*, 646 F. Supp. 2d 1011, 1013 (N.D. Ill. 2009)).  A plaintiff "need only prove that the cargo was delivered to the carrier in good condition and delivered to the consignee in damaged condition.  Once a plaintiff supplies that proof, the burden shifts to the carrier to prove that one of the four enumerated exceptions applies in order to avoid liability." *Id*., at *13 (internal citations omitted).  "Where the

cargo is sealed when delivered to the carrier, moreover, the burden of proof is on the plaintiff to establish the cargo was in good condition on delivery." *Id*. at *12.

Expeditors argues that because it appears that the one witness (Marilyn So Richard) listed in Consolidated Plaintiffs' initial disclosures does not have personal knowledge of the condition of the cargo when it was delivered to the airlines in Chicago *or* when it arrived at the Pudong airport, Consolidated Plaintiffs cannot meet their burden on the first two elements for a cargo liability claim under the Montreal Convention. Dkt. No. 40 at 6, 14. Expeditors also argues that Ms. Richard lacks the foundation to testify about the quantity of damages sustained to the cargo, and that Consolidated Plaintiffs possess no admissible documentary evidence relevant to those elements, either. *Id*. at 16–17. Thus, according to Expeditors, Consolidated Plaintiffs cannot meet their burden to establish a *prima facie* cargo damage claim. *Id*. at 17.

Consolidated Plaintiffs disagree for two reasons. First, Consolidated Plaintiffs contend that they are not limited to calling only Ms. Richard to testify at trial simply because she is the only person explicitly listed in their initial disclosures, because other individuals with knowledge are referenced in documents produced along with their individual disclosures or during discovery. Dkt. No. 46 at 11–14. Second, Consolidated Plaintiffs contend that there is sufficient evidence to establish questions of fact as to the elements of their cargo liability claim, and therefore Expeditors is not entitled to summary judgment as a matter of law. *Id*. at 14–16. The Court agrees with Consolidated Plaintiffs as to both arguments.

First, Federal Rule of Civil Procedure 37(c)(1) provides that "[i]f a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." Consolidated Plaintiffs acknowledge that they failed to update their initial disclosures, but have shown that their failure is harmless. Consolidated

ORDER DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT AND DENYING PLAINTIFFS' MOTION TO EXCLUDE - 5

Plaintiffs' opposition cites evidence produced by or long known to Expeditors, and notes that the names of 51 individuals with knowledge were mentioned in connection with Consolidated Plaintiffs' initial disclosures. *See* Dkt. No. 46 at 6 (referencing Dkt. No. 48 ¶¶ 4–6). Expeditors then propounded interrogatories requesting a more specific list of witnesses intended to be called at trial, and Consolidated Plaintiffs objected and directed Expeditors to review their initial disclosures. Dkt. No. 42-2 at 13–14. Expeditors did not thereafter file a motion to compel, nor did it subsequently depose *anyone* in this matter. Dkt. No. 48 ¶¶ 8–9. The Court has held several discovery- and schedule-related conferences with the parties, but this issue has not been brought to the Court's attention. *See* Dkt. Nos. 23, 31, 35. Notably, in their stipulated motion to consolidate, the parties agreed that they "anticipate utilizing the same witnesses in both actions to address issues relating to the packing of the cargo." Dkt. No. 32 at 2.

Under these circumstances, the Court finds that Consolidated Plaintiffs' failure to update their initial disclosures is harmless. Expeditors did not specifically identify prejudice resulting from Consolidated Plaintiffs' failure to update its initial disclosures, and Consolidated Plaintiffs offered a persuasive explanation for its failure to amend its initial disclosures that was not meaningfully rebutted in Expeditors' reply brief. These circumstances distinguish this case from the cases Expeditors cites in its reply brief, where prejudice was well-established and/or the non-disclosing party failed to persuade the court that its untimely disclosure was harmless or substantially justified. *See Russell v. GC Servs. Ltd. P'ship*, 476 F. Supp. 3d 1097, 1101–02 (E.D. Wash. 2020); *Am. Safety Cas. Ins. Co. v. Happy Acres Enters. Co., Inc.*, No. C16-0044 RSM, 2017 WL 2796616, at *4 (W.D. Wash. Jan. 20, 2017); *Ingenco Holdings, LLC v. ACE Am. Ins. Co.*, No. C13-543RAJ, 2016 WL 4703758, at *2–3 (W.D. Wash. Sep. 7, 2016).

As to the second issue—the merits of Expeditors' summary judgment motion—the Court finds that Consolidated Plaintiffs have submitted evidence in opposition to Expeditors' motion that

ORDER DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT AND DENYING PLAINTIFFS' MOTION TO EXCLUDE - 6

satisfies their burden to show that this case should proceed to trial. As to the first element of their claim, Consolidated Plaintiffs rely on the air waybills that do not note damage. *See* Dkt. No. 41. Although Expeditors has cited authority indicating that those "clean" waybills may not be dispositive at trial, it has not cited authority holding that such evidence is not sufficient to withstand a summary judgment motion. *See, e.g.*, *Arkwright-Boston Mfrs. Mut. Ins. Co. v. Intertrans Airfreight Corp.*, 777 F. Supp. 103, 107 (D. Mass. 1991) (holding that "certainly it is true that a clean bill of lading is ordinarily *prima facie* evidence of delivery in good condition[,]" but that this evidence was not sufficient at trial where a waybill was issued on an earlier leg of the cargo's journey toward its final destination, before the carrier took delivery of it).

As to the second and third elements, the Consolidated Plaintiffs have presented a declaration from a person employed by the firm retained to survey the cargo after its arrival in China, attaching survey reports detailing and quantifying the cargo damage in monetary terms. Dkt. No. 47. Those reports also mention that damage to the cargo packaging was noticed in the air terminal upon its arrival at the Pudong airport. *See, e.g.*, Dkt. No. 47-1 at 3, 132. Expeditors questions whether the declarant has personal knowledge of what was noticed by air terminal staff, and questions the probative value of those survey reports, given that they were completed weeks or months after the cargo arrived and could therefore reflect damage sustained while in storage (rather than transit) (Dkt. No. 50 at 6), but these disputes should not be resolved in a summary judgment context. Expeditors has had the survey reports since before the lawsuits were filed, and will have the opportunity to present its arguments regarding the foundation for and sufficiency of those reports at trial.

At this stage, the Court must view the evidence in the light most favorable to Consolidated Plaintiffs. *Anderson*, 477 U.S. at 255 ("The evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in his favor."). When the evidence is viewed in that light,

the Court finds that Consolidated Plaintiffs have shown the existence of triable issues of fact that preclude summary judgment for Expeditors.

**B.     Consolidated Plaintiffs' Motion to Exclude Is Denied.**

Federal Rule of Evidence 702 obligates a district court to "ensur[e] that an expert's testimony both rests on a reliable foundation and is relevant to the task at hand." *Daubert v. Merrell Dow Pharms., Inc.*, 509 U.S. 579, 597 (1993).  Where, as here, the case will proceed to a bench trial rather than a jury trial, the court's "gatekeeping function" is less critical, because the court "can make its own credibility determinations about expert testimony in the full context of trial and accord the testimony the weight it warrants." *United States v. Washington*, No. C70-9213 RSM (Subproceeding No. 17-03 RSM), 2022 WL 782612, at *4 (W.D. Wash. Mar. 15, 2022) (citing *Shore v. Mohave County*, 644 F.2d 1320, 1322–23 (9th Cir. 1981)).

The Court finds that Consolidated Plaintiffs' motion presents arguments going to the weight that Stopak's testimony should be given, rather than its admissibility, and the Court will have an opportunity to consider those arguments at the bench trial.  Accordingly, the Court DENIES Consolidated Plaintiffs' motion to exclude (Dkt. No. 43), without prejudice to their ability to challenge Stopak's testimony at trial.

### III.     CONCLUSION

For these reasons, the Court DENIES Defendant's motion for summary judgment and DENIES Plaintiffs' motion to exclude.  Dkt. Nos. 40, 43.

Dated this 16th day of January, 2026.

Kymberly K. Evanson
United States District Judge